UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
FILED

2011 DEC 23  A 9:35

U.S. DISTRICT COURT
NEW HAVEN, CT



| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | Docket No. 3:99CR85(EBB) |
| JOSE FIGUEROA | : | |

## RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Jose Figueroa ("Figueroa"), moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a Sentencing Guideline range that has been subsequently lowered by the Sentencing Commission. Specifically, Figueroa seeks resentencing pursuant to the Fair Sentencing Act of 2010 (FSA) and Amendment 750 to the Sentencing Guidelines, which retroactively altered guideline § 2D1.1 to reduce the offense levels that apply to crack cocaine offenses.

As the Court previously found, Figuero's sentence was not based on guideline § 2D1.1 and thus he is not eligible for a sentence reduction under § 3582(c)(2). Accordingly, his motion [doc. # 1728] is DENIED.

Figueroa was a career offender and his base offense level was determined under guideline § 4B1.1, the guideline section applicable to career offenders, not § 2D1.1, the section applicable to crack cocaine offenses. At sentencing, the Court adopted the guideline calculation set forth in his PSR and agreed that his total offense level under § 4B1.1 was 34, which, with his criminal history category VI, resulted in a guideline sentencing range of 262 to 327 months. The Court, however, imposed a non-guideline sentence of 180 months based on a downward departure pursuant to § 5H1.3 and § 5K2.0.

Eligibility for a sentence reduction depends entirely on a defendant's pre-departure offense level – the only applicable guideline range that matters in determining whether a guideline amendment applies is the one calculated before any departures. U.S.S.G. § 1B1.10 (defining "applicable guideline range" at initial sentencing as the range determined before consideration of any departure provision in the Guidelines Manual").

Figueroa's pre-departure sentencing range was not based on the crack cocaine guideline at § 2D1.1, so a reduction in his sentence is not authorized by § 3582(C)(2). Amendment 750 would not have the effect of lowering his applicable guideline range because of the operation of another guideline provision, *i.e.*, the career offender guideline at § 4B1.1, see U.S.S.G. § 1.B1.10 n.1(A), and a reduction would not be consistent with the Sentencing Commission's applicable policy statement. See United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009); see also United States v. Castillo, 2010 U.S. App. LEXIS 10595 (2d Cir. May 25, 2010).

## CONCLUSION

For the foregoing reasons, Figueroa's letter motion for a sentence reduction [doc. # 1728] is DENIED.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ
_____
ELLÉN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 22nd day of December, 2011 at New Haven, Connecticut.